# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JORDAN JOSEPH KINARD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00268 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **VIRGINIA DEPARTMENT OF** | ) | By: James P. Jones |
| **CORRECTIONS, ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that prison officials at Wallens Ridge State Prison do not provide access to legal reference materials that the plaintiff believes he needs in order to prepare adequate pleadings in his state habeas corpus proceedings.[1] The plaintiff has not prepaid the necessary fees to file a civil action in this court and has requested qualification to proceed in forma pauperis. Upon review of the record, I find that the plaintiff's lawsuit must be summarily dismissed without prejudice under 28 U.S.C. § 1915(g).

Under 28 U.S.C. §1915, all prisoner litigants suing government entities or officials must pay the civil action filing fee in full, either through prepayment or

---

[1] Specifically, the plaintiff complains that he cannot "Sheppardize" the cases cited in the respondent's Motion to Dismiss in order to find recent, relevant decisions applying to the cases cited in that motion. (Compl. 3-4.)

through consenting to installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to those prisoners who have "three strikes" — three previous civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim. A prisoner litigant with three strikes may qualify to proceed under the § 1915(b) installment payment plan only if he makes an adequate showing that he "is under imminent danger of serious physical injury." § 1915(g).

Court records available on line indicate that the plaintiff has accumulated three strikes under § 1915(g): *Kinard v. Hendricks*, No. 2:07-cv-00461-JBF-JEB (E.D. Va. 2007); *Kinard v. Sanchez*, No. 2:07-cv-00355-JBF-JEB (E.D. Va. 2007); and *Kinard v. Land*, No. 2:07-cv-00079-JBF-TEM (E.D. Va. 2007). All three of these cases were dismissed under 28 U.S.C. § 1915A(b)(1), which authorizes summary dismissal of prison conditions cases as frivolous, malicious, or for failure to state a claim. In the instant action, Kinard complains that inadequate access to legal materials will harm his litigation efforts, but he states no facts indicating that he is in imminent danger of physical harm. He thus fails to satisfy the "imminent danger" exception under §1915(g) and may not proceed without prepayment of fees. Accordingly, I will summarily dismiss this action without prejudice, pursuant

to § 1915(g),[2] and dismiss as moot his pending request to proceed in forma pauperis and his Motion for Temporary Restraining Order.

A separate Final Order will be entered herewith.

DATED: May 28, 2014

/s/ James P. Jones
United States District Judge

---

[2] In any event, I find that Kinard's allegations do not state any claim that the legal materials and assistance available to him at the prison are constitutionally inadequate. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (finding that prison law library programs are constitutionally sufficient if they provide inmates the "capability of bringing contemplated challenges to sentences or conditions of confinement before the courts"). The right of access to courts does not require prisons to ensure that an inmate be allowed to "turn[ ] pages in a law library," or to have access to every type of legal material he believes he needs to litigate effectively, once he has brought his claim before the court. *Id.* at 357.